

April 18, 2006

The Honorable D. Matt Bingham
Smith County Criminal District Attorney
Smith County Courthouse
100 North Broadway, Fourth Floor
Tyler, Texas 75702

Opinion No. GA-0423

Re: Whether a physician, psychiatrist, licensed professional counselor, licensed marriage and family therapist, or social worker must be licensed by the Council on Sex Offender Treatment to provide rehabilitation services or act as a sex offender treatment provider (RQ-0405-GA)

Dear Mr. Bingham:

You ask whether a physician, psychiatrist, licensed professional counselor, licensed marriage and family therapist, or social worker may provide rehabilitation services or act as a sex offender treatment provider without being licensed by the Council on Sex Offender Treatment (the "Council").[1] You also ask about the discretion of counselors concerning the scope of the terms "rehabilitation service" and "sex offender" as defined in chapter 110 of the Occupations Code. Request Letter, *supra* note 1, at 1.

As background, we observe that chapter 110 of the Occupations Code generally governs sex offender treatment providers. Under the chapter, a sex offender treatment provider is:

> a person, licensed or certified to practice in this state, including a physician, psychiatrist, psychologist, licensed professional counselor, licensed marriage and family therapist, or social worker, who provides mental health or medical services for rehabilitation of sex offenders.

TEX. OCC. CODE ANN. § 110.001(7) (Vernon Supp. 2005). Prior to 2005, the Council maintained a voluntary registry of sex offender treatment providers who (1) met the Council's criteria for the treatment of sex offenders and (2) provided mental health or medical services for the rehabilitation of sex offenders. Act of May 20, 2003, 78th Leg., ch. 1276, § 14.005(a), 2003 Tex. Gen. Laws 4158,

---

[1]See Letter from Honorable D. Matt Bingham, Smith County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Oct. 13, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

4309 (formerly codified as TEX. OCC. CODE ANN. § 110.001(4)). During the legislature's last regular session in 2005, it changed the Council's mission from registering sex offender treatment providers on a voluntary basis to mandatory licensing. Act of May 25, 2005, 79th Leg., R.S., ch. 1089, 2005 Tex. Gen. Laws 3579. Thus, chapter 110 now provides:

> (a) A person may not provide a rehabilitation service or act as a sex offender treatment provider unless the person is licensed under this chapter.

TEX. OCC. CODE ANN. § 110.301(a) (Vernon Supp. 2005).

You state that Smith County currently provides counseling to juveniles in the juvenile justice system through several counselors of different backgrounds: a licensed psychologist and diplomat in forensic psychology, a person licensed as a clinical social worker and as a professional counselor, a licensed master social worker, a licensed professional counselor intern, and a graduate student at the University of Texas at Tyler. *See* Request Letter, *supra* note 1, at 2. You ask whether the health care licenses that qualify a person as a sex offender treatment provider in section 110.001(7) constitute the license required in section 110.301(a). *See id.* at 4–5.

We must construe statutes in context. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). Consequently, we must consider section 110.301 in light of other sections of chapter 110 governing the Council and sex offender treatment providers, particularly those that pertain to licensing. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("We should not give one provision a meaning out of harmony or inconsistent with other provisions . . . ."). Chapter 110 charges the Council with setting the standards that sex offender treatment providers must meet to be eligible for a license under the chapter. *See* TEX. OCC. CODE ANN. § 110.151(2) (Vernon Supp. 2005). The Council has broad authority to adopt rules consistent with chapter 110 and has the specific duty to develop and implement license requirements by rule. *See id.* §§ 110.152(2), .158, .302 (Vernon 2004). Under section 110.301, a person must be licensed "under" chapter 110 either to "provide a rehabilitation service" or to "act as a sex offender treatment provider." *Id.* § 110.301(a) (Vernon Supp. 2005). A "rehabilitation service" is "a mental health treatment or medical intervention program designed to treat or remedy a sex offender's mental or medical problem that may relate or contribute to the sex offender's criminal or paraphiliac problem." *Id.* § 110.001(5). A person "act[s] as a sex offender treatment provider" when the person provides "mental health or medical services for rehabilitation of sex offenders." *Id.* §§ 110.001(7), .301(a). A person who does not have a license under chapter 110 and who provides a rehabilitation service or acts as a sex offender treatment provider may be liable criminally. *See id.* § 110.401 (providing that violations of section 110.301 are a Class A misdemeanor).

You state that several of the licensed professionals who are counseling juveniles for Smith County Juvenile Services meet the definition of a sex offender treatment provider in section 110.001(7) but do not possess any additional license under chapter 110. *See* Request Letter, *supra* note 1, at 3–4. You suggest that the legislature likely did not intend to "provide an exclusive licensing program, to the exclusion of other licensing as provided for in section 110.001(7) of the

Occupations Code." *Id.* at 4. Also, while you acknowledge that section 110.302 as revised "seems to contemplate the *issuance* of a license by the Council," you note that the Council had not promulgated licensing rules as of the date of your request. *Id.* For these reasons, you perceive a conflict among sections 110.001(7) (defining a sex offender treatment provider), section 110.301 (requiring a license), and 110.302 (requiring the Council to promulgate licensing rules). You propose that the conflict may be resolved by construing the provision in 110.301 that requires a person to be "licensed under this chapter" as referring to any of the health care licenses listed in section 110.001(7). *Id.* at 4–5. However, the plain language of the statutes does not support your construction.

Sections 110.001(7), 110.301 and 110.302 do not conflict. Section 110.001(7) defines a person who is a sex offender treatment provider, not a licensed sex offender treatment provider. *See* TEX. OCC. CODE ANN. § 110.001(7) (Vernon Supp. 2005). The license required in section 110.301 is the sex offender treatment provider license, not any of the various health care licenses listed in section 110.001(7). *See id.* § 110.301. Physicians, psychiatrists, psychologists, professional counselors, marriage and family therapists, and social workers do not receive their respective professional licenses "under" chapter 110. *See, e.g., id.* §§ 155.001 (license to practice medicine); 501.251 (psychologist license); 503.301 (professional counselor license) (Vernon 2004). Chapter 110 requires a person to have both a professional license and a sex offender treatment provider license before the person may render rehabilitation services or provide mental health or medical services for the rehabilitation of sex offenders. *See id.* §§ 110.001(7), .301(a) (Vernon Supp. 2005).

We note that persons who held a registration issued under Chapter 110, Occupations Code, on the effective date of the 2005 legislation, September 1, 2005, are to be "considered to hold a license under Chapter 110, Occupations Code, as amended." Act of May 25, 2005, 79th Leg., R.S., ch. 1089, §§ 33, 36, 2005 Tex. Gen. Laws 3579, 3586–87. Thus, if any of the Smith County Juvenile Services professionals were registered with the Council on September 1, 2005, they are automatically deemed to be licensed sex offender treatment providers. For further guidance concerning the implementation of chapter 110, you should keep apprised of any rules as they are promulgated by the Council.[2]

You suggest that if chapter 110 requires a separate license, it poses practical problems for professional counselors not licensed by the Council due to the scope of terms such as "rehabilitation service" and "sex offender." Request Letter, *supra* note 1, at 4–5. A "rehabilitation service" is a "mental health treatment or medical intervention program designed to treat or remedy a sex offender's mental or medical problem that *may relate or contribute to* the sex offender's criminal or paraphiliac problem." TEX. OCC. CODE ANN. § 110.001(5) (Vernon Supp. 2005) (emphasis added). A "sex offender" is not only a person who has been convicted of or received deferred adjudication for a sex crime, but also a person who admits to violating a state or federal law regarding sexual conduct or who "experiences or evidences a paraphiliac disorder as defined by the Revised Diagnostic and Statistical Manual." *Id.* § 110.001(6)(A)–(D). Thus, you conjecture that

---

[2]We note that the Council has proposed rules concerning various categories of licenses and licensing requirements. *See* 31 Tex. Reg. 209, 234–64 (proposed Dec. 30, 2005) (Council on Sex Offender Treatment).

a professional counselor who is not licensed by the Council and is treating a condition such as substance abuse may have to terminate treatment if the patient admits a past sex crime or evidences a paraphiliac disorder. *See* Request Letter, *supra* note 1, at 4–5. You also suggest that such a counselor should be granted a measure of discretion to determine if treatment for a problem such as substance abuse should continue. *See id.* at 5.

We agree that the respective definitions of the terms "rehabilitation service" and "sex offender" are markedly broad, but the "wisdom or expediency of the law is the Legislature's prerogative." *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968). Under section 110.001(5), a person must be licensed under chapter 110 to provide mental health treatment or administer a medical intervention program to treat or remedy a sex offender's mental or medical problem if it "may relate or contribute to the sex offender's criminal or paraphiliac problem." TEX. OCC. CODE ANN. § 110.001(5) (Vernon Supp. 2005). Whether the patient is a "sex offender" as defined, and whether the treatment or program is for a problem that "may relate or contribute to" the offender's criminal or paraphiliac problem is a matter for the treating professional's determination in the first instance. But the professional must exercise the discretion to make that determination within the confines of chapter 110's express terms and the rules promulgated by the Council. *See id.* §§ 110.001(5), (7), .401.

# S U M M A R Y

Chapter 110 of the Occupations Code requires a person to have one of the professional licenses listed in section 110.001(7) as well as a sex offender treatment provider license under section 110.301(a) before the person may render rehabilitation services or provide mental health or medical services for the rehabilitation of sex offenders. A person who was registered as a sex offender treatment provider as of September 1, 2005, is considered to hold a license under chapter 110. Whether the patient is a "sex offender" as defined and whether the treatment or program is for a problem that "may relate or contribute" to the offender's criminal or paraphiliac problem is a matter for the treating professional's determination within the bounds of chapter 110's express terms and the rules of the Council on Sex Offender Treatment.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorncy General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee